Gorman, J.
Heard .on application for temporary injunction against.waste.
This is an action to enjoin waste. It is alleged and admitted for the purpose of this decision that the plaintiff is the owner of the fee of certain lots in the city of Cincinnati, Ohio, at the northwest corner of Ninth and Plum streets; that the defendant is in possession of said property under and by virtue of two perpetual leases from William S. Groesbeck and wife to John Epply and John P. D. Patterson, executed and delivered May 12, 1854, and October 3, 1860, respectively. The leases are in the usual form of leases for ninety-nine years, renewable forever, without a privilege of- purchase and an abuse of covenants against waste. There -are now, and were at the time of the execution of these leases, substantial buildings on the premises valued now at $10,000. The naked land is valued by the quadrennial appraisers at $26,410. The annual ground rents reserved in the leases is $960, payable in quarterly installments; and the lessee and his assigns and heirs are to pay all taxes, assessments, charges, etc., that may be levied or charged; and a lien is reserved upon the estate and interest of the lessee in the premises and in the .'improvements thereon f&r the prompt payment of the ground rent; and for a failure to pay any install *558 ment of the rent when due without demand there shall be a forfeiture of the lessee’s estate and a reversion of the property to the lessor, his heirs or assigns, discharged of all the eonvenants of the lease.
It is admitted that at the time this action was commenced the defendant had removed the doors and windows from the buildings on said premises, and was threatening to and would destroy and demolish the buildings in loio, if not enjoined by this court, and that said buildings constitute a part of the security for the rentals of said property under the leases. There is no averment or proof of a serious impairment of the security; nor is there any averment or proof of the insolvency of the defendant corporation.
Application was made to this court on the filing of the petition for a temporary restraining order to restrain the defendant from removing or destroying the buildings and improvements or any part thereof.
On the averments of the petition and the admitted fa.cts, I am of the opinion that the plaintiff is not entitled to an injunction, either temporary or perpetual, for the following reasons:
The owner of a perpetual leasehold estate in Ohio is the owner of the property for all purposes, so made by statutes and the decisions of our courts. Sections 8597, 11655 and 11656, General Code: Loring v. Melendy, 11 Ohio, 355-358; Northern Bank of Kentucky v. Roosa, 13 Ohio, 335; Laird v. Cincinnati, 5 Bull., 903; St. Bernard v. Kemper, 60 O. S., 244-255; McCammon v. Cooper, 69 O. S., 366.
The owner of the perpetual leasehold is’ in fact the owner of the land canying the fee, as was said by the Supreme Court in the Melendy case, 11 Ohio. He may alien, mortgage, convey, devise or otherwise dispose of it without the consent of the owner of the fee, subject to the payment of the ground rent. He is liable personally for the taxes and assessments. He may improve it in any manner he sees fit without the consent of the owner of the fee and he may use it in any manner he pleases, so long as he does not impair the security for the rent.
Where, as in the case at bar, the annual rental is $960 and the value of the naked ground more than $26,000, there is no impairment of the security. The mere ’ fact that at some *559 time in the future the owner of the leasehold estate may default in the payment of the rentals under the lease, and thereby incur a forfeiture of his estate and the land thereby revert to the owner of the fee, is not a sufficient reason for enjoining the destruction of the buildings in the absence of a convenant against Avaste, and a showing of a present impairment of the security. The strong probabilities are that the land in this case will continue to increase in value inasmuch as it is almost in the heart of a large and flourishing city which is increasing in population and thereby adding to the value of this land site. To hold that old buildings standing upon lands under perpetual lease could not be removed to make room for improvements that must come with the march of progress, without the consent of the owner of the fee, would be to lay down a rule that would seidously hamper the value of the lessee’s interest in the property and tend to deprive him of a large share of the benefits which he should have the right to enjoy under his lease. Of course the same reasoning would not apply to short time leases, or leases for life or per autre vie.
It is urged that even though the buildings on the leasehold premises may. become old and fall into decay and their use impaired and their value reduced to next to nothing, still the OAA'ner of the fee during the life of the lease might desire, as she has the right, to repair or restore the buildings. We do not believe that she would have the right to go upon the premises during the life of the lease without the consent of the owner of the leasehold for any such purpose any more than one could assume dominion over mortgaged property before condition broken because he held a mortgage on the premises. The leasehold premises belong to the owner of the lease to the same extent and as exclusively as though he owned the fee. The owner of the fee on a perpetual lease Avould no more be allowed to dictate to the tenant under a permanent leasehold what kind of improvements or buildings should be maintained on the premises, than a mere stranger, in the absence of eonvenants enabling him to do so. So long as there in no impairment of the security, the lessee and those holding under him may use the land in the same manner and to the same extent as though they owned the fee; and they may tear down, build up, alter, remodel or recon *560 struct at their pleasure, so long as the rent is not rendered insecure thereby. Crowe v. Wilson, 65 Md., 479.
Again, the common law doctrine of waste does not hold in this state, and inasmuch as the ground upon which the plaintiff’s right to an injunction is claimed is that the further commission of waste should be prevented, it would seem that in the absence of a right to maintain the common law action of waste to recover damages for injury to the premises there should be no injunction granted. If it were averred or shown in evidence that the defendant is insolvent or had covenanted not to commit waste; or if the security for the rent were to become impaired by reason of the destruction of the buildings on the premises, it can not be doubted that an action for damages for breach of covenant would lie and a restraining order would also issue to prevent further injury to the security.
The following authorities hold that the doctrine of waste, as defined at common law, does not prevail in this state:
Allen v. McCoy, 8 Ohio, 418, *p. 464, where the court says:
‘ ‘ The common law doctrine of waste has never been recognized in Ohio either as an incident of title or as affording a remedy for wrong.”
See, also, Stauffer v. Eaton, 13 Ohio, 322; Crockett v. Crockett, 2 O. S., 180; Jenks v. Langdon, 21 O. S., 362; Kent v. Bentley, 10 C. C., 132; Hall v. Rohr, 23 Bull., 121.
In any event even at common law, an action for waste would not lie against a lessee for life or years, because these estates were created by grant, and the grantors could, if they desired,- secure themselves against the commission of waste by covenants or special provisions in the lease. It was only in cases of tenants in dower or by courtesy or guardians in socage or chivalry, and such estates as were created by operation of law that the action of waste was maintainable. It was by virtue of the statute of Gloucester that the remedy of an action for waste was given against tenants for life, or years or per autre vie. See Kent’s Com., Vol. 4, *p. 79.
There is no statute in Ohio giving the reversioner or owner of the fee in eases of leases for life, or years, or per atitre vie, a right of action for waste committed or threatened. An action against a tenant in dower, or for life, is given by statute for. *561 the commission of waste, and their estates may be forfeited to the person having the next estate in reversion or remainder for committing waste. See Sections 8593 and 8613, General Code.
Bnt no provision is made for forfeitures or damage by statute in Ohio, on account of waste where the estate is created by convention of the parties. Evidently the Legislature considered that this matter could safely be left to the contracting parties to be provided for in the lease or contract.
It would seem, therefore, both-on .authority and reason that an injunction should not be granted in case of a permanent leasehold estate against the tenant in possession, enjoining the commission of waste in the absence of a showing that the lease provides against the commission of waste, and in the absence of averments and proof that the security for the rent will be impaired and that the tenant under the lease is insolvent. None of these matters appear in this case. On the contrary for al.l that appears in this case the defendant is amply solvent and able to respond in damages, if any has been done or will be done to the plaintiff’s reversionary interest; and the admitted facts disclose that there is no óonvenant in the lease against waste, and the value of the naked land is so very great that there is practically no impairment of the security.
Application for temporary restraining order refused.